IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**STANLEY WOOD** and **CHASTITY WOOD,** *Individually, and on Behalf of a Class of Similarly Situated Persons*                                        **PLAINTIFFS**

**v.**                                        **CIVIL ACTION NO. 1:20-cv-42-TBM-RP**

**NORTH MISSISSIPPI HEALTH SERVICES, INC.** *et al.*                                        **DEFENDANTS**

## ORDER GRANTING PLAINTIFFS LEAVE TO FILE A SUR-REPLY

Before the Court is Alliance Collection Service, Inc.'s Motion [221] to Dismiss or for Summary Judgment, which is fully briefed. Despite moving to dismiss all of the Plaintiffs' Fair Debt Collection Act Practices claims in its Motion and accompanying Memorandum [222], Alliance briefed for the first time in its Reply [237] its argument that the Plaintiffs' Fair Debt Collection Practices Act claim *pursuant to 15 U.S.C. § 1692g(b)* must be dismissed. [237], pg. 14.

Ordinarily, the Court need not consider arguments raised for the first time in a reply brief. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."). This is because consideration of such arguments risks prejudicing the non-moving party. *McDaniel v. Miss. Baptist Med. Ctr.*, 869 F. Supp. 445, 453 (S.D. Miss. 1994) ("In the interest of fairness, Defendant should not be allowed to raise new grounds for the first time in its rebuttal to which Plaintiff will not have the opportunity to provide an adequate response.").

To alleviate this fairness concern, courts "may grant leave to file a surreply in order to afford the nonmovant an opportunity to respond." *Zurich American Ins. Co. v. Centex Corp.*, 373 F. Supp. 3d 692, 696 (N.D. Tex. 2016); *see also Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*,

499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (explaining that granting leave to file a sur-reply "is a viable alternative to the general practice to summarily deny or exclude all arguments and issues first raised in reply briefs.") (quotation omitted); *Thompson v. Dallas City Att'y's Off.*, 913 F.3d 464, 471 (5th Cir. 2019) ("A district court does not abuse its discretion when it considers an argument raised for the first time in a reply brief so long as it gives the non-movant an adequate opportunity to respond prior to a ruling.") (quotation omitted).

Because Alliance raises this new argument in its Reply [237], in the interest of fairness, the Plaintiffs are granted leave to file a sur-reply. The Plaintiffs are cautioned that their sur-reply must be limited solely to addressing why their Fair Debt Collection Practices Act claim *pursuant to 15 U.S.C. § 1692g(b)* should not be dismissed. Briefing is closed on all other issues.

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiffs are granted leave to file a sur-reply, limited solely to their 15 U.S.C. § 1692g(b) claim, on or before September 8, 2023.

This, the 31th day of August, 2023.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE